D. SULLIVAN & COMPANY v. W. H. KING ET AL.

Decided February 11, 1903.

**1.—Garnishment—Bankruptcy Proceedings—Judgment—Appeal.**

Where plaintiff, pending his action in a State court by garnishment, instituted a proceeding in bankruptcy in the Federal district court against the debtor to have him declared a bankrupt, in which such adjudication was refused, a judgment rendered by the State court after ten days from such decree in bankruptcy and before an appeal therefrom was taken, was not premature, although thereafter an appeal was taken upon the order of the Federal judge allowing ninety days to perfect the appeal,—such appeal having been afterwards dismissed.

**2.—Same—Garnishment Lien.**

A garnishment lien 'acquired within four months before the filing of a petition in bankruptcy against the debtor is not dissolved where the bankruptcy court refuses to adjudicate the debtor a bankrupt. Bankrupt Act of 1898, sec. 67c.

**3.—Same—Dissolution of Lien.**

Where an action by garnishment was begun against a debtor within four months before the filing of a petition in bankruptcy against him, the garnishment was not dissolved by the mere filing of such petition in bankruptcy, and where the court refused to adjudicate the debtor a bankrupt, the garnishment remained in force.

**4.—Same—Waiver—Abandonment.**

Although the garnishment creditor filed a plea in the bankruptcy proceedings waiving and relinquishing for the benefit of all creditors all lien and preference acquired by virtue of the garnishment, yet as the Federal court finally refuse to adjudge the debtor a bankrupt, such waiver was not an abandonment of the garnishment, as it contemplated the prosecution of the suit, but admitted the creditors to share without preference to plaintiff.

Appeal from the District Court of Bexar. Tried below before Hon. J. L. Camp.

*Henry E. Vernor* and *J. C. Sullivan,* for appellants.

*Newton & Ward, George C. Altgelt, John Sehorn, Semp Russ,* and *Carter & Lewis,* for appellees.

: JAMES, CHIEF JUSTICE.—Appellants brought action against W. W. King. They instituted this garnishment proceeding based on said demand; the garnishee, the International & Great Northern Railway Company, answering that it had deposited with the clerk of the District Court the sum it was indebted to W. W. King, which the record shows was the case.

In a proceeding in the District Court of the United States for the Western District of Texas, D. Sullivan & Co. were parties seeking to have W. W. King adjudged a bankrupt for alleged insolvency and acts of bankruptcy. It appears that in this bankruptcy proceeding the defendant King filed a plea in abatement, which was overruled by the court, and the matter allowed to proceed, because of an express waiver

by the petitioners in a supplemental petition in that proceeding, as will be understood from the following copy of the order entered:

"D. Sullivan & Co. et al. v. W. W. King, Defendant. No. 228. In Bankruptcy, in the District Court of the U. S. in and for the Western District of Texas.—On this the 13th day of June, 1902, came on to be heard the defendant's plea in abatement of this cause filed herein on said day, when counsel for the petitioning creditors admitted in open court that plaintiffs, D. Sullivan & Company, on the 27th day of March, 1902, filed in the District Court of Bexar County, Texas, the Forty-fifth Judicial District, a suit against said defendant for the sum of $2124.38, together with ten per cent attorneys fees, and contemporaneously with the filing of said suit, made the affidavit and gave the bond required by the laws of the State of Texas for the issuance of a writ of garnishment, and procured to be issued writs of garnishment which were served on the International & Great Northern Railroad Company and Mrs. Brenda C. Vinson, by which the interest of W. W. King in the judgment in the case of B. C. Vinson against the International & Great Northern Railroad Company was garnished, and that said suit and garnishment proceedings were pending at the time of the filing of the petition in this cause, and at the time of the hearing of the said motion. When the plaintiffs on the 14th day of June, 1902, filed a second supplemental petition in which they waived in this court all preference by reason of said suit and garnishment proceedings in favor of all the creditors of the said defendant; and the court, after considering said plea and the admission of counsel, and said waiver is of the opinion said plea should be overruled. Wherefore, it is ordered, adjudged and decreed by the court that said plea be and the same is overruled; to which ruling defendant then and there excepted. The clerk will duly enter this order of record. (Signed) T. S. Maxey, Judge."

The waiver as it was pleaded by D. Sullivan & Co. is as follows: "That as to their garnishment instituted in the District Court of Bexar County, Texas, referred to in said plea of the defendant, and arising out of cause No. 13569, in the District Court of Bexar County, the Forty-fifth District Court of Bexar County, Texas, numbered 13579 and 13578, in said court, which said cause No. 13569 is referred to in the original petition of plaintiffs, said plaintiffs D. Sullivan & Company for the benefit of any and all creditors of said King, hereby formally waive, surrender, release and relinquish any and all liens, advantages or preferences which they may have, or might hereafter obtain or acquire by virtue of such garnishments, and all agreements entered into in reference thereto, or by virtue of any judgment which may be rendered in said suit or suits instituted in said District Court."

In the present case, a motion to dismiss the garnishment proceeding was filed upon the ground that in the Federal court in the said supplemental petition, a copy of which was attached, plaintiffs had relinquished and abandoned these garnishment proceedings. The motion or

plea was sustained and from such ruling this appeal is taken. We here copy the judgment:

"D. Sullivan & Company v. I. & G. N. Ry. Co., and Brenda C. Vinson, Garnishee. Nos. 13578 and 13579. June 28th, 1902.—This day came on to be considered defendant's motion to vacate the order heretofore entered in this cause on the 21st day of June, 1902, and appearing to the court that this court is now vested with jurisdiction. It is ordered and decreed that the said motion this day filed be and the same is hereby granted, and the order in this cause by this court on the 21st day of June, 1902, be and the same is hereby vacated and hereby set aside. It is further ordered by the court that the said motion filed herein on the 19th day of June, 1902, be and the same is hereby granted, and said suit is hereby dismissed at plaintiff's cost, for which execution may issue. To which plaintiff excepted and in open court gave notice of appeal to the Court of Civil Appeals, Fourth Supreme Judicial District. Clerk will rule in same decree in both cases No. 13579 and No. 13578."

The result of the bankruptcy proceeding was that the court refused to grant the petition from which an appeal was sought to be taken to the Circuit Court of Appeals.

*Opinion.*—The first and second assignments of error relate to a question which we think does not require discussion from us. At the time the district judge rendered his judgment in the present case, it appears that no appeal had been taken from the judgment rendered in the Federal court, within ten days, as the act reads, but the judge by an order allowed ninety days to perfect the appeal to the Circuit Court of Appeals. As the ten days had elapsed, the district judge, trying the present case, considered the judgment of the Federal court as final, and proceeded to hear and determine this cause. It is now shown by an agreement filed in this court that the appeal attempted to be taken, and which is claimed to have suspended the State court's jurisdiction of this matter until such appeal was heard and determined, has been, on motion, dismissed by the appellate court at New Orleans; therefore the judgment refusing to declare W. W. King a bankrupt was to all intents and purposes final at the time the trial court rendered the judgment now appealed from, and such judgment was not prematurely rendered.

The remaining assignments are directed to the effect given by the trial court to the waiver contained in D. Sullivan & Co.'s supplemental petition in the bankruptcy proceeding. The record before us discloses that in that cause the defendant pleaded in abatement that this petitioner had this and other garnishment suits then pending, which had been sued out within four months. To counteract this motion petitioners in a supplemental pleading made the waiver which is above shown in terms, and it appears the court, in view of this waiver, overruled the plea. It seems to us that, had the court refused to adjudge the defendant a bankrupt without any such waiver having been made, the

garnishment would have stood as if no bankruptcy proceeding had ever been instituted, and could have been prosecuted. It seems to us further that they can now be prosecuted, unless the waiver amounted to an abandonment or dismissal of the same. Brandenburg, Bankruptcy, 171. This is the question upon which the trial court acted in dismissing the garnishment, holding that the waiver operated as an abandonment, and in this we think the court erred. We are of opinion that, under the circumstances, the appellants having evidently saved a dismissal of their bankruptcy petition, and, having induced the Federal judge to proceed with it, by voluntarily filing this waiver, they should be held to its terms. But its terms do not amount to an abandonment or renunciation of the garnishments. It "waives, surrenders, releases and relinquishes" to any and all the creditors of defendant what? The liens, advantages or preferences obtained by them by reason of the garnishments, or thereafter to be obtained by reason of them, or by any agreements or judgments rendered in such proceedings. The waiver clearly contemplated the prosecution of such garnishment, in the interest of all the creditors, petitioners simply submitting to share all benefits accruing from said writs, with the creditors, without preference to themselves. In other words, they thereby simply submitted to placing themselves on an equality with other creditors of defendant in respect to the benefits of the garnishment proceedings. We conclude, therefore, that the court erred in dismissing the garnishment. Plaintiffs have not waived nor lost their right to prosecute it, and this is all that is really necessary to decide on this appeal. If they succeed in securing the fund, questions may arise between them and other creditors as to the latter's right to participate in the recovery, but these questions are not before us, and of course we are not to anticipate them. It is enough at this time to decide that plaintiff's waiver did not of itself warrant a dismissal of the garnishment proceeding.

Before submission of the case appellee asked for a writ of certiorari to bring up a further record showing that a motion had been filed in the District Court to dismiss the writ of garnishment for alleged fatal defects therein appearing on the face of the papers; appellee claiming that if such motion should appear to be well taken, this court ought upon that ground alone to affirm the judgment, although the motion had not been prosecuted nor passed on by the District Court. We refused the certiorari because the motion appears not to have been presented to nor passed on by the trial court. The record before us indicates that prior to the garnishment defendant had assigned the fund in question to two of his creditors, and plaintiffs' purpose in prosecuting the case is doubtless to claim that these assignments were void, for some reason, notwithstanding defendants' clear legal right to prefer creditors. These issues have not been raised, so far as this record shows, the case not having reached that stage. In fact, it is not clear that the assignees have been brought in as parties.

Reversed and remanded.

*Reversed and remanded.*

## ON MOTION FOR REHEARING.

Section 67c of the bankrupt act of 1898 enacts that a lien obtained in * * * any suit or proceeding at law or in equity, including an attachment upon mesne process * * * which was begun against a person within four months before the filing of a petition in bankruptcy, by or against such person, shall be dissolved by the adjudication of such person to be a bankrupt, etc. The language of the act is unmistakable. The garnishment in question was not dissolved by the filing of the bankrupt proceeding, but would have been dissolved by the adjudication of defendant to be a bankrupt. As such adjudication was not made, but refused, the garnishment was not dissolved. In our opinion, there is, under these circumstances, no ground for the position that the garnishment was affected by the bankruptcy proceeding, except that it was suspended pending the judgment of the Federal court on the application to adjudge defendant a bankrupt. We regard the contention that plaintiffs abandoned and waived their garnishment suit, by resorting to the Federal court to ask that defendant be declared a bankrupt, as wholly untenable.

The motion is overruled.

*Overruled.*